IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEIL C. GORDON, Chapter 7 Trustee for the estate of Barbara Jean Krieg, <br><br> Appellant, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Appellee. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 1:18-cv-01485-SCJ <br> ) <br> ) <br> ) <br> ) |

**APPELLEE'S RESPONSE TO MOTION TO CERTIFY
QUESTION OF STATE LAW TO THE GEORGIA SUPREME COURT**

Wells Fargo Bank, N.A. ("Wells Fargo"), the Appellee, hereby responds to the Motion to Certify Question of State Law to the Georgia Supreme Court (the "Motion to Certify") [Doc 8] filed by Appellant Neil C. Gordon, Chapter 7 Trustee for the estate of Barbara Jean Krieg ("Trustee"), objecting to the Motion on the grounds stated below.

**INTRODUCTION**

In the adversary proceeding preceding this appeal, Trustee sought to avoid a security deed that debtor Barbara Jean Krieg and her non-debtor husband gave to Wells Fargo (the "Security Deed") based on the contention that the Security Deed was not attested by two witnesses but was attested by an unofficial witness and

acknowledged before an official witness.  The United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") granted summary judgment in favor of Wells Fargo because "under the plain language of the applicable statute at issue, a security deed may be attested *or* acknowledged 'before [an official witness as provided in O.C.G.A. § 44-2-15]', and attested or acknowledged by one additional [unofficial] witness. O.C.G.A. §§ 44-14-33, 44-2-15." (Emphasis original.)[1]

Through the Motion to Certify, Trustee seeks to have this Court certify to the Supreme Court of Georgia the issue decided by the Bankruptcy Court—whether a security deed that had been attested by or acknowledged before a notary public and attested by or acknowledged before another witness could be duly recorded under the statutes controlling the recording of a security deed in 2012.  While the Court may certify to the Supreme Court of Georgia questions of Georgia law for which there is not clear controlling precedent, this appeal presents no such question.

Clear controlling Georgia precedent holds that the plain and unambiguous language of a statute must be applied as written.  As discussed in Wells Fargo's Appellee's Brief, following that precedent yields only one conclusion: the recording

---

[1] Bankruptcy Court's Order Granting Wells Fargo's Motion for Summary Judgment and Denying Chapter 7 Trustee's Motion for Summary Judgment, p. 11.

statutes allowed both attestation and acknowledgement as alternative means of proving a security deed for recording, just as the Bankruptcy Court ruled. Thus, by resort to that precedent and other authority discussed in Wells Fargo's Appellee's Brief, the Court may make a principled conclusion about the question Trustee seeks to certify to the Supreme Court of Georgia. For that reason, and as discussed more fully below, the Court should deny the Motion to Certify, but, if the Court should invoke the certification process, it should not certify the issue requested by Trustee because it does not accurately present the question before this Court.

## CERTIFICATION STANDARD

A district court may certify questions of Georgia law to the Georgia Supreme Court when those questions are determinative of the cause before the court but "there are no clear controlling precedents in the appellate court decisions of [Georgia]." Ga. Sup. Ct. R. 46; see also O.C.G.A. § 15-2-9(a). "'[W]here there is doubt in the interpretation of state law . . . a federal court should certify the question to the state supreme court to avoid making unnecessary Erie 'guesses' and to offer the state court the opportunity to interpret or change existing law.'" *Alliant Tax Credit 31, Inc. v. Murphy,* 2014 WL 3955594, *1 (N.D. Ga. 2014) (quoting, without citations and quotations, *Park Racing Ass'n v. Tampa Bay Downs, Inc.*, 399 F.3d 1276, 1279 (11th Cir. 2005)). But even when a question may be appropriate for certification, before

certifying the question, the court "should consider the following factors: the closeness of the question, considerations of comity in light of the particular issue and case, and the practical limitations of the certification process, including significant delay," though the first factor is the primary consideration. *Ibid.* (citing *Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 274–75 (5th Cir. 1976)). "Thus, where there are sufficient sources of state law 'to allow a principled rather than conjectural conclusion,' the certification process should not be invoked." *Ibid*. (quoting *Florida ex rel. Shevin*, 526 F.2d at 275; citing *Smigiel v. Aetna Cas. & Sur. Co.*, 785 F.2d 922, 924–25 (11th Cir. 1986)).

## ARGUMENT

**I.  The Court should deny certification because the Supreme Court of Georgia's holding in *U.S. Bank Nat'l Ass'n v. Gordon* answers the question facing this Court.**

In this appeal, the Court is faced with the following question:

> Under the law of Georgia in effect in 2012, was a security deed to real property in the proper form for recording if acknowledged by a proper officer and attested by an additional witness?

The Supreme Court of Georgia has already answered that question in the affirmative. In *U.S. Bank Nat'l Ass'n v. Gordon*, the Supreme Court of Georgia, interpreting the statutes applicable to the recording of security deeds, O.C.G.A. §§ 44-14-33 and -61 (the "Recording Statutes"), "held that 'a security deed . . . is in the proper form for

recording [if] *it is attested or acknowledged by a proper officer and (in the case of real property) an additional witness*.'" *Wells Fargo Bank, N.A. v. Gordon*, 292 Ga. 474, 475, 749 S.E.2d 368, 370 (2013) (emphasis added) (quoting *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 15, 709 S.E.2d 258 (2011) (interpreting the pre-2015 versions of O.C.G.A. §§ 44-14-61 (applicable to the recording of security deeds) and 44-14-33 (applicable to the recording of mortgages but made applicable to security deeds by § 44-14-61)). Because there is clear controlling precedent on the question before this Court, certification is improper.

**II.   Certification is improper because the question sought to be certified ignores the plain language of the controlling statutes, and this Court is capable of reaching a principled conclusion by applying the plain language of those statutes as interpreted by the Supreme Court of Georgia.**

Even if the Georgia Supreme Court's holding in *U.S. Bank Nat'l Ass'n v. Gordon* were not by itself sufficient to convince the Court that the answer to the question Trustee seeks to certify is settled under Georgia law, there is sufficient clear controlling Georgia precedent on the rules of statutory construction to allow the Court to reach a principled conclusion about the answer to the question. The question that Trustee seeks to certify ignores the Recording Statutes' plain language, which itself answers Trustee's question.

As discussed fully in Wells Fargo's Appellee's Brief [Doc 8, pp. 13–16], the

language of the Recording Statutes is plain and unambiguous. Thus, it must be applied as written. *See Holcombe v. DirecTV, LLC*, 215 F. Supp. 3d 1346, 1349 (N.D. Ga. 2016) ("'In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but *forbidden*.'" (emphasis original) (quoting *Chase v. State*, 285 Ga. 693, 681 S.E.2d 116, 118 (2009)). As such, an Erie guess is not necessary (the Supreme Court of Georgia has, after all, already interpreted the Recording Statutes as written); this Court is fully capable of applying the Recording Statutes, as written, to the facts of the present case. Any proposed certified question seeking to have the Georgia Supreme Court engage in statutory construction of the Recording Statutes is improper.

**III. Even if the Court were inclined to invoke the certification process, it should not certify the issue requested by Trustee.**

Trustee requests that this Court certify to the Georgia Supreme Court the following issue:

> Whether Georgia law (prior to 2015) requires that a security deed have two attesting witnesses in order for the deed to be properly admitted of record even when the security deed includes a separate acknowledgment executed by a notary.

(Motion to Certify, ¶ 10.) Trustee's request is not properly framed; Georgia law permits certification of questions, not issues. See Ga. Sup. Ct. R. 46; *see also* O.C.G.A. § 15-2-9(a). Even if the Court could properly certify an issue, however, it

should not certify the issue that Trustee suggests because (in addition to the reasons discussed above) it is not the narrow issue before this Court and does not reflect the concrete facts of this case. *See Coleman v. Middle Georgia Prob., LLC*, CV 315-035, 2018 WL 1763516, at *2 (S.D. Ga. Apr. 12, 2018) ("[Q]uestions [certified to the Georgia Supreme Court] must be narrowly defined and supported by concrete facts.") (citing *Bulloch Cnty. Hosp. Auth. v. Fowler*, 182 S.E.2d 443, 445–46 (Ga. 1971)).

Trustee seeks to avoid Wells Fargo's Security Deed under 11 U.S.C. § 544(a). The parties agree that avoidance may be permitted only if the Security Deed was not duly recorded under Georgia law in effect in 2012. (See Appellant's Br., p. 21-22 [Doc 7, pp. 26–27].)[2] Whether the Security Deed was duly recorded depends on whether it was in the proper form for recording when filed for record. *See U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. at 15. So, in its broadest conception, the issue before the Court is whether the Security Deed was in the proper form for recording when it was filed for record in 2012. Yet the issue is narrower if considered in the context

---

[2] Trustee argues that a security deed is "improperly recorded" if patently defective, rather than that a security deed with a patent defect is not "duly recorded". (See Appellant's Br., p. 21-22 [Doc 7, pp. 26–27]). It is a distinction without a difference. The Supreme Court of Georgia, as shown in one of the cases cited by Trustee, *U.S. Bank Nat'l Ass'n*, 289 Ga. at 15, uses the "duly recorded" language from O.C.G.A. § 44-14-33 (pre-2015).

of the concrete facts of the case.

There is no dispute in this appeal that the Security Deed was filed for record in 2012 with a valid acknowledgment before a proper officer and a valid attestation by an additional witness. Trustee acknowledges that the Security Deed was attested by an unofficial witness, Sylvia Gayle Coursey, and acknowledged before a notary public, Arnice H. Foster. (See Appellant's Br., p. 5 [Doc 7, p. 10]; see also the certified copy of the Security Deed filed with Wells Fargo's Motion for Summary Judgment [Doc 3-3, pp. 29, 35–36].) Thus, considering the concrete facts of this case, the issue before the Court is whether the Security Deed, having been validly acknowledged before a proper officer and validly attested by an additional witness, was in the proper form for recording in 2012.

For the reasons discussed in the preceding sections, the Court should not invoke the certification process. If the Court decides to the contrary, however, it should frame the question to the Georgia Supreme Court narrowly and in terms of the facts of the case, as follows:

> Under Georgia law in effect in 2012, was a security deed to real property in the proper form for recording if acknowledged before a proper officer and attested by an additional witness?

## **CONCLUSION**

For the reasons stated above, the Motion to Certify should be denied.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1 (d), I certify that this filing complies with the font and point selections set forth in Local Rule 5.1.(c). This document has been prepared using Times New Roman font (14 point).

Respectfully submitted, this 18th day of July, 2018.

                                                FIDELITY NATIONAL LAW GROUP

                                                ***/s/ Austin E. James***
                                                Austin E. James
                                                Georgia Bar No. 472117

4170 Ashford Dunwoody Road
Suite 460
Atlanta, Georgia 30319
Phone: (770) 325-4807
austin.james@fnf.com

                                                WOMBLE BOND DICKINSON (US), LLP

                                                ***/s/ Arthur A. Ebbs***
                                                Arthur A. Ebbs
                                                Georgia Bar No. 416181

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Phone: (404) 872-7000
arthur.ebbs@wbd-us.com

                              *Attorneys for Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing APPELLEE'S RESPONSE TO MOTION TO CERTIFY QUESTION OF STATE LAW TO THE GEORGIA SUPREME COURT with the Clerk of Court using the CM/ECF system which will automatically deliver notice of such filing to the following attorneys of record:

>Neil C. Gordon
>William D. Matthews
>Michael J. Bargar
>ARNALL GOLDEN GREGORY LLP
>171 17th Street, NW, Suite 2100
>Atlanta, Georgia 30363-1031
>neil.gordon@agg.com
>william.matthews@agg.com
>michael.bargar@agg.com

this 18th day of July, 2018.

>/s/ *Austin E. James*
>Austin E. James
>Georgia Bar No. 472117

4170 Ashford Dunwoody Road
Suite 460
Atlanta, Georgia 30319
Phone: (770) 325-4807
Facsimile: (404) 968-2189
austin.james@fnf.com