# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NEIL C. GORDON, Chapter 7 Trustee for the Estate of Barbara jean Krieg, <br><br> Appellant, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Appellee. | CIVIL ACTION FILE NO: <br><br> 1:18-cv-01485-WMR |

## ORDER

This matter is before the Court on the Appellant's Notice of Appeal of the Bankruptcy Court's Order Granting Appellee's Motion for Summary Judgment and Denying Chapter 7 Trustee's Motion for Summary Judgment [Doc.1], and on Appellant's Motion to Certify Question of State Law to the Georgia Supreme Court [Doc. 8], which asks the Court to certify "Whether Georgia law (prior to 2015) requires that a security deed have two attesting witnesses in order for the deed to be properly admitted of record even when the security deed includes a separate acknowledgment executed by a notary."

**I.    BACKGROUND**

The material facts of this case are not in dispute. This case comes before the Court on Appeal from Bankruptcy Adversary Proceeding in the United States Bankruptcy Court.  The subject Security Deed, dated September 19, 2012, was

executed by the Debtor and Mr. Kreig in favor of Appellee regarding real property located at 144 Audubon Parkway, Stockbridge, Henry County, Georgia 30281 (the "Property"). The Security Deed was filed in the real estate records of the Office of the Clerk of the Superior Court of Henry County, Georgia on October 1, 2012, and was recorded on pages 350 through 360 of Deed Book #12730 (the "Deed Book"). The Debtor's signature is located on Page 356 (the "Signature Page") and is dated September 18, 2012. Mr. Krieg's signature also appears on the Signature Page. The Signature Page also contains the signature of Sylvia Gayle Coursey ("Ms. Coursey"), who signed the Signature Page twice under the two (2) "WITNESS" signature sections that appear on that page. On the following page (Deed Book, Page 357) is a notary acknowledgment (the "Acknowledgement"). The Acknowledgment is dated September 18, 2012, and contains the printed name and signature of Arnice H. Foster, a notary public ("Ms.Foster"), as well as her notary seal.

  Recorded contemporaneously with the Security Deed in the Deed Book at Pages 358-359 are (1) a Waiver of Borrower's Rights Rider (the "Waiver of Rights Rider") and (2) a Closing Attorney's Affidavit (the "Affidavit"). The Waiver of Rights Rider, also dated September 18, 2012, is signed by the Debtor and Mr. Krieg as grantors, signed by Ms. Coursey as an unofficial witness, and signed and notarized by Ms. Foster. The Affidavit bears the signature of Ms. Foster and is

2

notarized and signed by a Clayton County notary public, R. Whitlock. The last page of the Security Deed, recorded at Page 360 of the Deed Book, is labeled "Exhibit A" and contains a legal description of the Property.

The Debtor filed a Chapter 7 bankruptcy petition on December 9, 2016, at which time the Appellant was appointed as Trustee to administer the underlying bankruptcy case. On June 13, 2017, the Appellant filed a complaint against Appellee, seeking to avoid the interest held by Appellee in the Debtor's interest in the Property under the Security Deed pursuant to 11 U.S.C. § 544. Were such interest to be avoided, the Appellant seeks to recover and preserve such interest (or the value thereof) for the benefit of the Debtor's bankruptcy estate under 11 U.S §§550 and 551.

Through the Motion to Certify, Appellant seeks to have this Court certify to the Supreme Court of Georgia the issue decided by the Bankruptcy Court—whether a security deed that had been attested by or acknowledged before a notary public and attested by or acknowledged before another witness could be duly recorded under the statutes controlling the recording of a security deed in 2012.

## II.   MOTION FOR CERTIFICATION

A district court may certify questions of Georgia law to the Georgia Supreme

Court when those questions are determinative of the cause before the court, but where "there are no clear controlling precedents in the appellate court decisions of [Georgia]."

Ga. Sup. Ct. R. 46; see also O.C.G.A. § 15-2-9(a). "'[W]here there is doubt in the interpretation of state law . . . a federal court should certify the question to the state supreme court to avoid making unnecessary Erie 'guesses' and to offer the state court the opportunity to interpret or change existing law.'" *Alliant Tax Credit 31, Inc. v. Murphy*, 2014 WL 3955594, *1 (N.D. Ga. 2014) (quoting, without citations and quotations, *Park Racing Ass'n v. Tampa Bay Downs, Inc.*, 399 F.3d 1276, 1279 (11th Cir. 2005)). But even when a question may be appropriate for certification, before certifying the question, the court "should consider the following factors: the closeness of the question, considerations of comity in light of the particular issue and case, and the practical limitations of the certification process, including significant delay," though the first factor is the primary consideration. Ibid. (citing *Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 274–75 (5th Cir. 1976)). "Thus, where there are sufficient sources of state law 'to allow a principled rather than conjectural conclusion,' the certification process should not be invoked." Ibid. (quoting *Florida ex rel. Shevin*, 526 F.2d at 275; citing *Smigiel v. Aetna Cas. & Sur. Co.*, 785 F.2d 922, 924–25 (11th Cir. 1986)).

According to Appellant, the version of O.C.G.A.§ 44-14-33 in effect in 2012 meets the standard for certification in that it is NOT clear and unambiguous on its

face and there is no controlling appellate court decisions to interpret the statute in order to determine if the Security Deed at issue was in the proper form for recording if acknowledged by a proper officer and attested by an additional witness. This Court disagrees.

At the time the Security Deed was executed and recorded in 2012, the law governing the attestation requirements for security deeds was the same as that for mortgages and stated, in part:

> In order to admit a mortgage to record, it must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale; and, in the case of real property, a mortgage must also be attested or acknowledged by one additional witness.

O.C.G.A. §44-14-33.

The Supreme Court of Georgia has previously addressed the issue of a security deed's proper form for recording in *U.S. Bank Nat'l Ass'n v. Gordon*. The Supreme Court of Georgia, interpreting the statutes applicable to the recording of security deeds, O.C.G.A. §§ 44-14-33 and -61 (the "Recording Statutes"), "held that 'a security deed . . . is in the proper form for recording [if] it is attested or acknowledged by a proper officer and (in the case of real property) an additional witness.'" *Wells Fargo Bank, N.A. v. Gordon*, 292 Ga. 474, 475, 749 S.E.2d 368, 370 (2013) (emphasis added) (quoting *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 15, 709 S.E.2d 258 (2011) (interpreting the pre-2015 versions of O.C.G.A. §§ 44-14-61 (applicable to the recording of security deeds) and 44-14-33 (applicable to the

5

recording of mortgages but made applicable to security deeds by § 44-14-61)). Because there is clear controlling precedent on the question before this Court, certification is improper.

Moreover, in this instance, the language of the statute is plain and unambiguous; therefore, the Court is obliged to apply the law as written. See *Holcombe v. DirecTV, LLC*, 215 F. Supp. 3d 1346, 1349 (N.D. Ga. 2016) ("'In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but *forbidden.*'" (emphasis original) (quoting *Chase v. State*, 285 Ga. 693, 681 S.E.2d 116, 118 (2009)). Because there is clear and controlling precedent as well as clear and unambiguous statutory language, certification is improper and is, therefore, DENIED.

### III. APPPEAL OF ORDER GRANTING WELLS FARGO'S MOTION FOR SUMMARY JUDGEMENT AND DENYING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGEMENT

#### A. Issue on Appeal

The one and only issue on appeal is whether the Bankruptcy Court erred in determining that Georgia law (prior to a 2015 statutory amendment) did not require that a security deed have at least two attesting witnesses in order for the deed to be properly admitted of record.

## B. Standard of Review

This Court reviews the Bankruptcy Court's conclusions of law *de novo* and its findings of fact for clear error. *Club Assocs. v. Consolidated Capital Realty Investors (In re Club Assocs.),* 951 F.2d 1223, 1228-1229 (11th Cir. 1992). With regard to summary judgment orders, the Circuit Court in the case of *In re Optical Technologies, Inc.,* 246 F.3d 1332 (11th Cir.2001), stated:

> Our law is also clear that an appellate court reviews a bankruptcy court's grant of summary judgment *de novo. See In re Walker, 48 F.3d 1161, 1163 (11th Cir.1995*) ("We review the bankruptcy court's grant of summary judgment *de novo*, applying the same legal standards used by the trial court."); *In re Club Assocs*., 951 F.2d 1223, 1229 (11th Cir.1992) (citing *In re Nash,* 765 F.2d 1410, 1412 (9th Cir.1985)("The bankruptcy court's grant of summary judgment, affirmed by the district court, is subject to *de novo* review."))…. [W]e take this opportunity to make clear that both the district court and this Court review a bankruptcy court's entry of summary judgment *de novo*.

*In re Optical Technologies, Inc.,* 246 F.3d 1332, 1334–35 (11th Cir.2001).

## III. CONCLUSION

After conducting a *de novo* review of the Bankruptcy Court's order [Doc.1-2] and carefully considering Appellant's Appeal From the United States Bankruptcy Court [Doc.1], together with Appellee's Objection thereto [Doc. 11], this Court finds that summary judgment was proper. Appellant's appeal is DENIED.

Accordingly, it is ORDERED that the Appellant's Motion to Certify Question of State Law to the Georgia Supreme Court is DENIED.  It is further ORDERED that Appellant's Appeal is DENIED, and the Order of the Bankruptcy Court is hereby CONFIRMED.

**IT IS SO ORDERED** this 26th day of November, 2018.

/s/ William M. Ray, II
WILLIAM M. RAY, II
United States District Judge